GROSS, J.
Raymond Lucas appeals the trial court’s entry of summary final judgment in favor of appellee BankAtlantic. We affirm, in part, holding that Lucas is responsible to the bank for the amount of an altered check, which was deposited into an account that Lucas maintained at the bank. We reverse, in part, for consideration of the affirmative defense that the bank failed to exercise ordinary care in paying or taking the check.
Lucas is an attorney who maintained a trust account at BankAtlantic. Between April and May of 2003, Lucas entered into an agreement with persons in Africa. The deal provided that Lucas would apply for a loan, deposit the proceeds in his escrow account, and ultimately transfer the money to the individuals in Africa. For his services, Lucas was to keep 3% of the proceeds.
On or about May 9, 2003, a $65,800 check drawn on JP Morgan Chase and payable to Lucas was deposited in Lucas’s BankAtlantic account. Although the check was payable to Lucas and had his account number written on it, the endorsement on the back of the check was in the name of “Raymond Cohen.” JP Morgan paid the check and BankAtlantic credited Lucas’s account with the proceeds. Between May 14 and May 19 2003, Lucas withdrew all of the $65,800 by cashing several checks made payable to himself. Lucas then wired a portion of these funds to the individuals in Africa, keeping a share for his “commission.”
On or about July 7, 2003, JP Morgan informed BankAtlantic that the $65,800 check had been altered and stolen and made a demand for reimbursement. The drawer of the check was the Cohoes City School District. The original amount of the check, $19.18, had been raised to *961 $65,800, the date changed from April 21, 2003 to May 2, 2003, and the payee altered from School-Link Technologies to Lucas. Because it was liable to JP Morgan under Florida’s Uniform Commercial Code, Ban-kAtlantic paid $65,800 to JP Morgan. This appeal concerns BankAtlantic’s attempt to recover this money from Lucas.
BankAtlantic filed a three-count amended complaint against Lucas. Count I sought recovery for breach of a transfer warranty under the Uniform Commercial Code, Chapters 673 and 674, Florida Statutes (2004).[1]
BankAtlantic moved for partial summary judgment on its Code claim. In opposition to the motion, Lucas filed an affidavit stating that: 1) he never personally deposited the check; 2) he did not personally indorse the check; 3) he never authorized anyone else to deposit the check; and 4) he had expected a wire transfer in the same amount, and not a check.
The circuit court granted BankAtlantic’s motion for partial summary judgment. On the bank’s motion, the court dismissed the remaining counts of the complaint without prejudice and entered final judgment in favor of BankAtlantic for $74,835.33, the amount of the altered check plus prejudgment interest.
Lucas contends that summary judgment was inappropriate because his affidavit raised disputed issues of fact as to whether he was a “customer” who “transfer[red] an item” within the meaning of section 674.207(1), Florida Statutes (2004). We do not reach the issue under section 674.207, because the section 673.4161 transfer warranty is applicable under the undisputed facts of this case.
Section 673.4041 is crucial to the result here. That section provides, in pertinent part:
(2) If a person whose intent determines to whom an instrument is payable ... does not intend the person identified as payee to have any interest in the instrument ... the following rules apply until the instrument is negotiated by special indorsement:
(a) Any person in possession of the instrument is its holder.
(b) An indorsement by any person in the name of the payee stated in the instrument is effective as the indorsement of the payee in favor of a person who, in good faith, pays the instrument or takes it for value or for collection.
(3) Under subsection (1) or subsection (2), an indorsement is made in the name of a payee if:
(a) It is made in a name substantially similar to that of the payee; or
(b) The instrument, whether or not indorsed, is deposited in a depositary bank to an account in a name substantially similar to that of the payee.
At the outset, the check at issue is an instrument. See § 673.1041(5),(6). Here, the “person whose intent determines to whom [the] instrument is payable” “is ... the person ... signing as ... the issuer of the instrument.” § 673.1101(1), Florida Statutes (2004). As the issuer of *962 the check before its alteration, the Cohoes City School District intended that School-Link Technologies, and not Lucas, have an interest in the check. Because the School District did “not intend” Lucas to “have any interest in the instrument,” the rule of subsection (2)(b) applies: an “indorsement by any person in the name of the payee stated in the instrument [Lucas]” is “effective as the indorsement” of Lucas “in favor” of BankAtlantic, “a person who, in good faith, [paid] the instrument or [took] it for value or for collection.” § 673.4041(2)(a), Fla. Stat. (2004). Whoever indorsed the check did so “in the name of’ Lucas, the payee, because the check, “whether or not indorsed, [was] deposited in a depositary bank to an account in a name substantially similar to that of the payee,” i.e., Lucas’s trust account. § 673.4041(3)(b), Fla. Stat. (2004).
Section 673.4041 operates to make Lucas an indorser of the check. As an indorser, he was liable to BankAtlantic under both sections 673.4151 and 673.4161, Florida Statutes (2004). Section 673.4161(1) contemplates that a transfer may be “by in-dorsement.”
Regardless of who indorsed or actually deposited the check into Lucas’s account, the Code treats the check as being indorsed by Lucas, so that BankAtlantic may look to him to recover its loss. We therefore affirm the summary judgment on the issue of Lucas’s liability to the bank.
Section 673.4041(4) comes into play when section 673.4041(2) applies to an instrument, as it does in this case. That section provides that: .
[I]f a person paying the instrument or taking it ... for collection fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss resulting from payment of the instrument, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss.
Issues of fact remain as to the application of the section 673.4041(2) affirmative defense. We therefore remand to the circuit court for further proceedings directed at that issue.

Affirmed in part; reversed and remanded in part.

STONE and MAY, JJ., concur.

. The amended complaint stated that Count I was “brought pursuant to § 674.207,” Florida Statutes (2004). Section 673.4161, Florida Statutes (2004), also concerns transfer warranties, and is "virtually identical” to section 674.207. White and Summers, Uniform Commercial Code § 18-7 n. 11 (4th ed. 1995). There are two notable differences between the statutes. First, section 674.207 applies to all "items,” while section 673.4161 applies to "instruments.” Second, section 674.207(2) does not appear in section 673.4161; subsection (2) "places liability on a transferor as if the transferor had indorsed the item, whether or not the transferor actually indorsed the item.” White and Summers, at § 18-7 n. 11.